# AFFIDAVIT
## of
## THOMAS PUTTING
## SPECIAL AGENT
## HOMELAND SECURITY INVESTIGATIONS

I, Thomas Putting, being first duly sworn, do depose and state as follows:

1. I have been employed as a Special Agent ("SA") of the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations ("HSI"), since March 2019, and am currently assigned to the HSI office in Saint Louis, Missouri. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia, and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. As an S/A, I am authorized to investigate violations of laws of the United States, and to execute warrants issued under the authority of the United States.

2. The statements contained in this affidavit are based on information I learned through my personal knowledge and conversations with investigators familiar with this investigation who are formally trained and experienced in conducting investigations involving child exploitation.

3. Law enforcement identified that, beginning in or around July 2018, **HINE** began communicating on a text messaging platform with a 15-year-old female who was residing in Mississippi, **Minor Victim 1**. **HINE** inquired and was knowledgeable of **Minor Victim 1's**

minor age from the beginning of their communication. During this time in 2018, **HINE** began to regularly request **Minor Victim 1** to produce and send **HINE** sexually explicit images and videos through the chat platforms and text messages.

4. From approximately, January 2019 through December 2019, **HINE** traveled, on a monthly basis, from either Chicago, Illinois or Columbia, Missouri to locations in Mississippi for the purposes of engaging in sexual acts with **Minor Victim 1**. Law enforcement identified payments to hotels, motels, rental cars, and bus transportation by **HINE** for the purposes of committing sexual acts with **Minor Victim 1** in the state of Mississippi. HINE both transited through the state of Missouri and maintained an address in the state of Missouri during the commission of the illegal acts. Law enforcement also identified that **HINE** purchased multiple sex toys for **Minor Victim** 1 to use on herself in the production of CSAM videos and during the sexual encounters with HINE. Law enforcement lawfully obtained text communication between **HINE** and **Minor Victim 1** about **HINE** travelling to Mississippi for the purpose of committing sexual acts with **Minor Victim 1**.

5. Additionally, **Minor Victim 1** identified that **HINE** used his cellular phone to record the sexual acts committed on **Minor Victim 1** during HINE's trips to Mississippi from approximately January 2019 through November 2019. **Minor Victim 1** identified that **HINE** then advertised both the child sexual abuse material produced of **HINE** and **Minor Victim 1** and videos and images of just **Minor Victim 1** to buyers on multiple chat communication services. **Minor Victim 1** identified that **HINE** would pose as **Minor Victim 1** to the buyers.

6. Law enforcement identified that **HINE** provided cash payments, payments through electronic payment platforms, and a variety of gifts to **Minor Victim 1** for the CSAM production and distribution.

7. Law enforcement identified statements by **HINE** to **Minor Victim 1** that he continued to sell CSAM images and videos of **Minor Victim 1** through at least December 2020.

8. In August 2022, law enforcement identified multiple CSAM videos that were sent to a 16-year-old minor female victim, **Minor Victim 2**, in or around October and November 2021 for the purposes of **Minor Victim 2** producing CSAM videos for sale and distribution with a 16-year-old minor male victim, **Minor Victim 3**. Law enforcement identified that two of the CSAM videos sent to **Minor Victim 2** depicted **HINE** engaging in sexual acts with **Minor Victim 1** at a motel in Mississippi between February 2019 and November 2019. **Minor Victim 2** identified that they and **Minor Victim 3** were ultimately paid by for production of the CSAM videos and images produced using the CSAM videos of **Minor Victim 1** and **HINE** as examples of production for buyers. **Minor Victim 2** was paid for production of those CSAM videos by a Cash App account established and controlled by **HINE** and additional co-conspirators.

9. In August 2022, law enforcement identified that the CSAM videos that **Minor Victim 2** and **Minor Victim 3** were enticed to produce were ultimately sold and distributed to **Nabeen SINGHA (SINGHA)** in the District of New Jersey. **SINGHA** was found in possession of multiple CSAM videos and images of **Minor Victim 2** and **Minor Victim 3**. Law enforcement identified communication and payment from accounts controlled by **SINGHA** with communication and payment accounts controlled by **HINE** involving the sale and distribution of the CSAM videos and images of **Minor Victim 2** and **Minor Victim 3**.

THOMAS H PUTTING  
Digitally signed by THOMAS H PUTTING  
Date: 2023.02.03 09:08:23 -06'00'

**Thomas Putting**
Special Agent
Homeland Security Investigations

Attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone or other reliable electronic means on February 3rd, 2023.

*Sarah W. Hays*

**Sarah W. Hays**
United States Magistrate Judge