**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF MISSOURI**

**CENTRAL DIVISION**

**UNITED STATES OF AMERICA,     ) Case No. 23-mj-03001-WJE**

**                             )**

**        Plaintiff,           ) Jefferson City, Missouri**

**                             ) February 13, 2023**

**v.                           )**

**                             )**

**RYAN HINE,                   )**

**                             )**

**        Defendant.           )**

**_____)**

**TRANSCRIPT OF PRELIMINARY AND DETENTION HEARING**

**BEFORE THE HONORABLE WILLIE J. EPPS, JR.**

**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

For the Plaintiff:          Ms. Ashley S. Turner

Assistant United States Attorney

80 Lafayette St., Ste. 2100

Jefferson City, MO 65101

(573) 634-8214

For the Defendant:          Ms. Katie Y. Wang

Federal Public Defender's Office

80 Lafayette St., Ste. 1100

Jefferson City, MO  65101

(573) 636-8747

Court Audio Operator:       Ms. Angel Geiser

Transcribed by:             Rapid Transcript

Lissa C. Whittaker

1001 West 65th Street

Kansas City, MO  64113

(816) 914-3613

Proceedings recorded by electronic sound recording, transcript

produced by transcription service.

1    (Court in Session at 9:49 a.m.)

2    MS. GEISER:  Good morning.  We're here on Case No. 23-

3  mj-3001-WJE, *U.S.A. vs. Ryan Hine*.  We're here for preliminary

4  and detention hearings.  Please maintain order.  Thank you.

5    THE COURT:  Hey, good morning, everyone.  May I please

6  have the appearance of the United States?

7    MS. TURNER:  Ashley Turner for the United States.

8    THE COURT:  Okay.  Good to see you, Ms. Turner.

9    MS. TURNER:  Good to see you.

10    THE COURT:  And appearance of defense counsel.

11    MS. WANG:  Katie Wang for Mr. Hine.

12    THE COURT:  Okay.  Good to see you, Ms. Wang.  Good

13  morning to you, Mr. Hine.

14    MR. HINE:  Good morning.

15    THE COURT:  So, it looks like we're here for a couple of

16  hearings.  In the matter of the preliminary hearing, Mr. Hine,

17  Ms. Wang, would you like to proceed with that hearing, or do you

18  waive it?

19    MS. WANG:  We will be waiving the hearing, Your Honor.

20    THE COURT:  Okay.  Given that's waived, we will move to

21  the detention hearing.  I have reviewed the Government's motion

22  for detention.  I've also reviewed the charging document pending

23  against Mr. Hine.  I've reviewed the Pretrial Services Report.  I

24  know the parties have had a chance to review that report by now

25  and to analyze it.  Mr. Hine, you have reviewed that report,

1 correct?

2      MR. HINE:  Correct.

3      THE COURT:  Are there any corrections from either party?

4      MS. TURNER:  No corrections.  Just I'm going to be

5 offering the -- I'm going ask for judicial notice of the

6 Complaint Affidavit and then I have some proffering.

7      THE COURT:  Okay.  Ms. Wang, any corrections?

8      MS. WANG:  Yes, Your Honor.  On page 2 with regard to

9 the road trip that was taken to Canada, that was last year.  And

10 then on page 3 with regard to Mr. Hine's therapy, Mr. Hine's

11 therapist, that therapist is not with Columbia Psychiatry.  That

12 therapist is with Work Life Counseling.

13      THE COURT:  Okay.

14      MS. WANG:  Thank you.

15      THE COURT:  Thank you for those corrections.  Taking

16 into account those corrections, will both parties stipulate to

17 the report and agree that if called to testify, the Pretrial

18 Officer would testify consistent with the report?

19      MS. TURNER:  Yes, Your Honor.

20      MS. WANG:  Yes, Your Honor.

21      THE COURT:  Okay.  Without objection, I'll move that

22 report into evidence.  I know the Government has a proffer.  You

23 may move forward with that, Ms. Turner.

24      MS. TURNER:  Yes, Your Honor.  Just briefly.  There was

25 a portion of the Pretrial Services Report that talks about the

1  defendant being a primary care for his father.  I know that the

2  agents have relayed to me that they have hired a service that

3  comes in and that helps take care of Mr. Hine.

4          THE COURT:  Okay.  Thank you.  And I assume there's no

5  objection to move the Affidavit into evidence, and I will do so

6  at this time.  Ms. Wang, any additional evidence and/or proffer?

7          MS. WANG:  No, Your Honor.

8          THE COURT:  Okay.  Ms. Turner, since you represent the

9  moving party, I'll hear from you first and then I'll hear from

10  Ms. Wang.

11          MS. TURNER:  Thank you, Your Honor.  The Government

12  moves for detention pending trial in this matter for the

13  following reasons.  One is we believe that Mr. Hine is a danger

14  to the community.  Looking at the Complaint Affidavit it is clear

15  that this young man was involved in some very serious conduct.

16  So, first and foremost, he has victimized MV1 who was the victim

17  that was charged in the Complaint Affidavit.  In doing so, he met

18  her online.  He began talking with her.  He knew her age and

19  traveled to Mississippi in order to engage in sexual intercourse

20  with her.  It didn't just end there.  He produced child

21  pornography, induced her to produce child pornography, both

22  remotely via the Internet, as well as when he was in person by

23  recording with a cellular telephone and then returning back to

24  Missouri or Chicago, wherever he was residing.  And one thing to

25  tell the Court is he was engaging in this activity both while he

was a college student and while he was living at home with his parents. So, that in and of itself, that conduct is extremely serious. But Mr. Hine took it further. A couple of other additional victims are mentioned in the Affidavit, listed as Minor Victim 2 and Minor Victim 3. The defendant then used the child pornography that he had produced with Minor Victim 1 to help to induce Minor Victim 2 and Minor Victim 3 into creating their own child pornography. That, in and of itself, is serious behavior and very serious criminal conduct. But the defendant took it a step further. This defendant then advertised and put these pictures out there for people to purchase on the Internet. And he utilized Cash App, as well as received gift cards in exchange for this content. So, and we know for sure that individuals purchased these files, these videos, these pictures because an individual, one of those buyers was intercepted and was -- is charged out in New Jersey. And these images were located on his cellular telephone device.

This is an ongoing investigation. As you know with a Complaint, the entirety of the Government's case and the entirety of the Government's charges have not been charged as of yet. I can say that as this investigation is continuing, HSI agents are continuing to identify additional victims at this time, some as young as the age of 11.

So, I know that Mr. Hine has family support. I know that Mr. Hine does not have a criminal history. And I know that

1  Mr. Hine is a young man relatively to a lot of the types of

2  defendants that we see here in court.  However, Mr. Hine was

3  involved in a very serious enterprise involving the creation,

4  victimization, advertising, and selling of young minors' conduct

5  -- or sexual conduct.  So, he is a hands-on offender.  He is a

6  child pornography producer.  He is a child pornography

7  distributor.  And he is exchanging that child pornography for his

8  financial gain.  For all of those reasons, and for the nature of

9  the -- and how -- we have victims all over, you know, in

10  different states, in different -- through the country and the

11  fact that Mr. Hine has conducted all of this either remotely or

12  in person, the Government would respectfully request that he

13  remain detained pending pretrial -- pending trial.  I will say

14  because Mr. Hine has no criminal history, because he has not had

15  experience with the court system, we don't have prior behavior to

16  predict whether or not he will appear, so the Government is not

17  moving for -- because he's a flight risk, except for the fact

18  that these are very serious charges with -- as charged now with

19  this particular offense, a mandatory minimum of ten years up to a

20  lifetime in prison.  So, that's the only basis for flight risk

21  that the Government is proposing at this time.  So, as I've

22  stated, the Government requests that this defendant be detained.

23       THE COURT:  Okay.  Thank you so much, Ms. Turner.  Ms.

24  Wang.

25       MS. WANG:  Thank you, Your Honor.  We request that Mr.

Hine be released pending trial. As the Court knows, in determining whether Mr. Hine should be released there are two questions. The first question is whether the presumption of detention in this case has been rebutted. And the second question is whether there are any conditions or whether the Government has met its burden of proof that there are no conditions that could reasonably assure Mr. Hine's appearance in court and the community's safety.

With regard to the first question, we have a wealth of evidence that rebuts the presumption. With regard to the second question, the Government has not met its burden of proof. There are conditions that could reasonably assure Mr. Hine's appearance in court and the community's safety.

Going to the first question, the presumption of detention is rebutted in this case by just some of the evidence. As the Court knows, the standard for rebutting the presumption is not a high standard. It requires us to produce, as I mentioned, some evidence that -- some evidence, for example, Mr. Hine's family ties. As the Government mentioned, Mr. Hine has the support of his family. And as the Pretrial Services Report noted, his parents are very supportive. That is demonstrated by their appearance in court with us today. Mrs. Lisa Hine and Mr. Edward Hine, who goes by Ward, came down from Columbia. Mrs. Hine took time off from work. And Mr. Hine, despite his physical limitations due to his Stage 5 metastatic melanoma cancer, came

1 to support their son.  There is --

2       THE COURT:  Yeah.  The Court would like to thank the

3 parents for being here.  It means a lot to the Court.  It means a

4 lot, I know, to Mr. Hine, and it means a lot to counsel.  So,

5 thank you for being here.

6       MS. WANG:  As the Pretrial Services Report noted about

7 their support, they're willing to remove devices, disconnect

8 their network, which would address concerns that the Court might

9 have based on the Complaint of any activity that Mr. Hine may

10 conduct on the Internet if he were to be released.  So, that is

11 just some of the evidence that rebuts the presumption.

12       I'd like to start in terms of the other evidence with

13 Mr. Hine's character.  He is a compassionate and giving young

14 man.  That compassion and giving is evidenced, as the Government

15 noted, in the care giving that he gives to his father who was

16 diagnosed with cancer about 11 years ago.  Since then, Mr. Hine

17 has taken care of his father.  His father describes Mr. Hine as

18 his right arm.  And he is literally his right arm, helping him

19 get dressed, bringing him things, lifting things up, maintaining

20 their home and yard, sweeping the back deck so that Mr. Ward Hine

21 can engage in hobbies like gardening, running errands like

22 grocery shopping so that Mr. Edward -- Mr. Ward Hine can cook.

23 Mr. Hine worked as a chef and still works part-time as a chef if

24 Mr. Edward Hine is able to help him.  He caters food for the bank

25 that he works -- that employs him.  And maybe more importantly,

Mr. Ryan Hine provides his father companionship.  Because his father spends so much of his time alone at home, he's isolated from his family members and community members.  So, they do things like watching movies, action and comedy movies to keep the spirit light.  They recently watched a movie "Red Notice" on Netflix.  In terms of helping Mr. -- helping his father with his medical needs, Mr. Hine remembers appointments, drives his father to and from appointments, advocates for him during those appointments, helps him manage medications, and is learning about the Social Security and Medicare benefit system, which we know is a -- are complicated systems.  Mr. Hine is eager to learn about all of the things that are related to his father's care.  And, in fact, he has put his life on hold to take care of his father.  At the beginning of the pandemic, Mr. Hine quarantined for two weeks just so he could come home to take care of his father.  What that means, as you can tell, is a lot to his father.  But it also means a lot to Mr. Hine's mother who wouldn't to be able to work if it were not for his care giving of his father.  And, in fact, Mrs. Hine stated that her son, Mr. Hine, knows more about her husband's needs than she does because of how much time Mr. Hine puts in to care giving.  Outside of the family, Mr. Hine has the support of a large extended family.  His mother has eight siblings and parents who live in Columbia who Mr. Hine sees a couple of times a month.  Mr. Hine, as the Government mentioned, was in college studying.  He has recently completed the

requirements to obtain a Bachelor's in Health Science, which he

-- which took him some time to discover, but which he really

enjoys now.  And his -- although his path at school may not have

been a straightforward path, it became much easier after he

received treatment for his mental health illnesses including

ADHD, and started receiving therapy services to the point that

now he feels like his therapist, Caleb Cheavens in Columbia at

Work Life Counseling, is a big part of his support system.

With regard to employment, Mr. Hine has been working

since he was young doing odd jobs like pet sitting, which his

neighbors trusted him to do.  He also has experience with other

areas like food service and retail.  Most recently, he found a

job that he really enjoys and is really good at, care giving.

Specifically, care giving for elders through Right at Home.

There he is a loved employee because of his compassion towards

his clients.  Not only does Mr. Hine enjoy that work, he does it

so that he can provide -- he can take care of himself financially

as well as his family.  He wants to be able to help support them

because his father hasn't been able to work in a long time.

As the Government noted, Mr. Hine has no criminal

history.  With regard to the offense, the allegations are very

serious.  It is a testament to his parents' support of him that

they are very aware of the allegations -- of the offense and of

the seriousness of the offense, but they have come together as a

family to support him.  And they will continue to support him

1   throughout this case.  Also, with regard to the charged offense,

2   the Affidavit, as the Government referred to, has no allegations

3   of criminal conduct for the past 14 months.  Furthermore, Mr.

4   Hine has no history of drug use.  The risk that Mr. Hine poses to

5   the community is low.  That is reflected in Pretrial Services

6   Pretrial Risk Assessment which scored him at 2.  And so there are

7   conditions, there are a set of conditions that the Court could

8   impose that would ensure -- they don't have to guarantee -- it

9   would reasonably ensure Mr. Hine's appearance in court and the

10  safety of the community.  And those conditions are contemplated

11  in 18 United States Code §3142, which sets out conditions for

12  individuals who are charged with offense involving minors.  In

13  this case those conditions would reasonably assure Mr. Hine's

14  court appearance and the safety of the community.  Therefore, we

15  ask that Mr. Hine be released pending trial.  Thank you.

16       THE COURT:  Thank you, Ms. Wang.  Mr. Hine, the Court in

17  situations where a defendant has no criminal history has usually

18  granted bond.  But given the serious nature of the charge as

19  outlined in the Affidavit with the allegation that this is a

20  pattern of conduct involving not one victim, not two minor

21  victims, not three minor victims, but at least three, if not

22  more, and this involves actual sexual activity on an ongoing

23  basis with at least one minor victim.  For those reasons, the

24  Court believes that you do pose a danger to the community.  The

25  Court has concern that you pose a danger to specific individuals.

1 The Court is concerned that you have traveled to great lengths to

2 allegedly commit these offenses. The Court has not heard

3 anything which would lead me to believe that you would be

4 successful under supervision. And, therefore, the Court will

5 detain you pending trial of this matter. Is there anything

6 further from the United States?

7 MS. TURNER: No, Your Honor.

8 THE COURT: Okay. Ms. Wang?

9 MS. WANG: For purposes of the record, what is the

10 Court's ruling with regard to the presumption of detention?

11 THE COURT: That the defense has not overcome the

12 presumption.

13 MS. WANG: Okay. Thank you, Your Honor.

14 THE COURT: Thank you. Okay. We'll be in recess.

15 (Court Adjourned at 10:11 a.m.)

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9     I certify that the foregoing is a correct transcript from
the electronic sound recording of the proceedings in the above-
entitled matter.

10

11

            /s/ Lissa C. Whittaker        March 1, 2023
            Signature of Transcriber      Date

12

13

14

15

16

17

18

19

20

21

22

23

24

25