IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-CR-04012-SRB-1 |
| | ) | |
| RYAN EDWARD HINE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pending before the Court is the issue of defendant Ryan Edward Hine's competency to stand trial. Pursuant to 18 U.S.C. §§ 4241 and 4247, the Court ordered a psychiatric evaluation and held a hearing on the matter. (Docs. 41, 55). After consideration of the evaluation reports before the Court, this Court recommends issuance of an Order that Mr. Hine is competent to stand trial and able to assist in his own defense.

By way of Superseding Indictment brought on February 27, 2024, Mr. Hine is charged with one count of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), three counts of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), two counts of advertising child pornography, in violation of 18 U.S.C. § 2251(d), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). (Doc. 25). On October 14, 2024, defense counsel submitted a motion to determine Mr. Hine's competency and hospitalize him for restoration treatment, citing concerns from jail staff regarding his mental state beginning in early 2023. (Doc. 33). Thereafter, the Court ordered a competency examination pursuant to 18 U.S.C. § 4241 to determine if he suffered from a mental disease or defect rendering him mentally

incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist with his defense. (Doc. 34).

Along with its motion to determine Mr. Hine's competency, defense counsel submitted a forensic psychological evaluation authored by Jeffrey S. Kline, Ph.D., on October 3, 2024. (Doc. 33-1). Dr. Kline's forensic psychological report opined that he was incompetent to stand trial. (*Id.* at 11). After the Court ordered an independent competency evaluation, defense counsel moved for reconsideration of the Court's order, arguing that Dr. Kline qualified as a licensed or certified psychologist for competency examination purposes. (Doc. 38 at 2). The Court denied defense counsel's motion for reconsideration because Dr. Kline is not on the District Court's list of psychiatrists or psychologists approved to conduct mental competency examinations. (Doc. 39).

In accordance with the Court's order, a forensic evaluation report was completed by Lacie L. Biber, Psy. D. on January 2, 2025, and submitted to the Court on January 3, 2025. (Doc. 41). Dr. Biber examined Mr. Hine at the Federal Medical Center in Fort Worth, Texas and opined that he does not have a current mental condition that impairs his ability to understand the nature and consequences of the court proceedings against him or his ability to properly assist his counsel in his defense. (*Id.* at 15). Dr. Biber specifically stated that Mr. Hine displayed a "factual and rational comprehension of the charges and legal process, and he was able to engage in hypothetical thinking to discuss possible decisions and outcomes of his case in a logical manner." (*Id.*)

On February 20, 2025, this Court held an evidentiary hearing concerning Mr. Hines's competency to stand trial. (Doc. 55). During the hearing, both parties acknowledged receipt and review of the psychiatric evaluation report authored by Dr. Biber. (Tr. 3:3-14). The parties stipulated that Dr. Biber would testify consistent with her report. (*Id.* 3:15-19). Defense counsel objected to the findings in Dr. Biber's report and called Dr. Kline to testify. (*Id.* 3:25-4:4).

Dr. Kline testified that in September of 2024, he evaluated Mr. Hine's competency and determined that he was suffering from Bipolar Type I with psychotic features and was incompetent to stand trial. (*Id*. 11:2-23). Dr. Kline opined Mr. Hine's thinking was severely disorganized, he was experiencing delusional beliefs, and exhibited other signs of a severe mental illness. (*Id*. 17:5-18:1). However, in an evaluation on February 6, 2025, Dr. Kline found Mr. Hine to be competent. (*Id.* 24:10-20). Dr. Kline explained that Mr. Hine appeared calm, was not disorganized in his thinking, and was consistently taking his medication. (*Id*. 24:12-14; 26:13-24). Both parties agreed that Mr. Hine was competent to stand trial at this time. (*Id*. 36:5-19).

Based on the psychiatric evaluation report submitted by Dr. Biber and information presented at the hearing, the Court submits this Report and Recommendation that defendant Ryan Edward Hine is competent to stand trial. Specifically, this Court recommends a finding that Mr. Hine is not presently suffering from a mental disease or defect that renders him incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS, THEREFORE, RECOMMENDED that the District Judge enter an order finding defendant Ryan Edward Hine competent to stand trial.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

Dated this 3rd day of March, 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge